IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BOBBY UNCEL, JR.                                                                                    PLAINTIFF

vs.                                            Civil No. 4:13-cv-04116

CAROLYN W. COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Bobby Uncel, Jr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his current disability application on August 30, 2011. (Tr. 17, 121-123). In this application, Plaintiff alleges being disabled due to a knee reconstruction, nerve injury, depression, side effects of his medication, arthritis, and memory loss. (Tr. 156). This application was denied initially and again upon reconsideration. (Tr. 48-49).

Thereafter, on August 3, 2012, the ALJ held an administrative hearing on Plaintiff's

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

application. (Tr. 31-47). This hearing was held in Texarkana, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented by Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Michael Foster Gartman testified at this hearing. (Tr. 31-47, 120). During this hearing, Plaintiff testified he was forty-one (41) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 31-32). Plaintiff also testified he completed the twelfth grade in high school. (Tr. 34).

On September 5, 2012, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's disability application. (Tr. 14-26). The ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 18, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 17, 2009, his alleged onset date. (Tr. 18, Finding 2). The ALJ determined Plaintiff had the following severe impairments: anterior cruciate ligament (ACL) reconstruction; depression; memory loss; arthritis; and a back injury. (Tr. 18-19, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 19, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 19-24, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned assigns to the claimant a residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a), as the claimant is able to lift, carry, push, or pull ten pounds occasionally; is able to stand or walk up to two hours in an eight-hour workday; and is able to sit for up to six hours in an eight-hour workday. However, the claimant can

>   never climb ladders, ropes or scaffolds and can only occasionally climb ramps or
>   stairs, balance, stoop, kneel, crouch, or crawl.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of his PRW. (Tr. 24-25, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in national economy. (Tr. 25-26). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following occupations: (1) lens inserter (sedentary, unskilled) with 650 such jobs in the region and 28,000 such jobs in the United States; (2) polisher, eyeglass frames (sedentary, unskilled) with 600 such jobs in the region and 81,000 such jobs in the United States; and (3) escort-vehicle driver (sedentary, unskilled) with 1,300 such jobs in the region and 140,000 such jobs in the United States. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from December 17, 2009 through the date of the ALJ's decision or through September 5, 2012. (Tr. 26, Finding 11).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 13). On December 3, 2013, the Appeals Council denied this request for review. (Tr. 1-3). Plaintiff then filed his Complaint in this case on December 5, 2013. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 5, 2013. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

4

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11. Specifically, Plaintiff claims the following: (1) the ALJ erred in considering the Listings; (2) the ALJ erred in discrediting his subjective complaints; (3) the ALJ erred in evaluating his RFC; (4) the ALJ erred in discrediting the opinions of his treating physicians; and (5) the ALJ erred by failing to present a proper hypothetical to the VE. *Id.* Because the ALJ erred in evaluating the opinions of Plaintiff's treating physicians, the Court will only address Plaintiff's fourth argument for reversal.

It is well-established in the Eighth Circuit that the ALJ must provide "good reasons" for discounting the opinions of a treating physician. *See, e.g., Anderson v. Astrue,* 696 F.3d 790, 793 (8th Cir. 2012) (recognizing "[u]ltimately, the ALJ must 'give good reasons' to explain the weight

5

given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2)").

In the present action, the ALJ discounted the opinions of Plaintiff's treating physicians without supplying any "good reasons." (Tr. 23-24). Indeed, the ALJ first "noted" *several* of Plaintiff's treating physicians found he was likely disabled[2]:

> I do note that several of the claimant's treating physicians, Michael Pappas, M.D., Darius F. Mitchell, III, M.D., and physicians from the Healthcare Express, opined the claimant was unable to return to work or unable to return without restrictions (Exhibits 2F; 3F; 4F; 5F; 7F). In addition, a hearing officer with the Texas Department of Insurance found the claimant was disabled beginning January 13, 2010 continuing through June 8, 2010 (Exhibit 4F).

(Tr. 23). The ALJ then discounted the opinions of Plaintiff's treating physicians because those opinions did not comply with the standards forms for the SSA: "But the opinions do not track the step two analysis of Social Security Ruling 96-7p, because the doctors and hearing officer do not clearly distinguish between the genuineness of the more subjective limitations and their medical reasonableness." *Id.*

Instead of adopting the opinions of Plaintiff's treating physicians, the ALJ adopted the opinions of a non-examining consulting physician because that physician complied with the standard forms of the SSA: "By way of contrast, the DDS consultant was provided specific information related to the claimant's 'alleged' limitations in daily activities and function in the E section of the file, and was then tasked with supplying an opinion as to the medical reasonableness of that description at step one." (Tr. 24).

The ALJ's decision to summarily discount the opinions of Plaintiff's treating

---

[2] The ALJ did not discuss their opinions in detail. (Tr. 23-24). The ALJ only made this "notation."

physicians–without even providing a detailed review of those opinions– was entirely improper. Notably, if these treating physicians had indeed not complied with the appropriate "procedures" for the SSA, the ALJ should have recontacted them and obtained additional information from those treating sources. *See* 20 C.F.R. § 404.1512(d), (e) (2014). *See also Hensley v. Barnhart,* 352 F.3d 353, 355 (8th Cir. 2003) (recognizing it is the ALJ's duty to develop the record fully and fairly during the claimant's proceedings, which are non-adversarial). The solution was not to summarily discount their opinions. *See, e.g., Snead v. Barnhart,* 360 F.3d 834, 838-39 (8th Cir. 2004) (holding that once the ALJ becomes aware of claimant's impairment, the ALJ should take steps to develop the record sufficiently to determine if the treating physician's opinion deserved controlling weight).

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 15th day of January 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE